UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                       Case No. 21-48604

SHAYLA TARTT,                                 Chapter 13

            Debtor.                                 Judge Thomas J. Tucker
_____/

**ORDER DENYING DEBTOR'S MOTION FOR REINSTATEMENT**

This case is before the Court on the Debtor's motion entitled "Debtor's Motion to Set Aside Dismissal and Reinstate The Case On The Docket," filed on February 25, 2022 (Docket # 31, the "Motion"), which the Court construes as a motion for reconsideration of, and for relief from, the Court's February 22, 2022 Order dismissing this case (Docket # 29). The Court will deny the Motion, for the following reasons.

**First**, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* L.B.R. 9024-1(a)(3) (E.D. Mich.).

**Second**, the allegations in the Motion do not establish excusable neglect under Fed. R. Civ. P. 60(b)(1), Fed. R. Bankr. P. 9024, or any other valid ground for relief from the order dismissing this case.

**Third**, the Motion does not allege any facts showing that the dismissal of this case was erroneous or unwarranted. The Motion alleges that the Debtor "made a payment through the TFS system for $1,514.30 on February 16, 2022, which brought her account to current." (Mot. at ¶ 3). The Motion does not state on what date that payment posted on the Trustee's records. The Trustee has stated that this payment did not post on the Trustee's records until February 24, 2022, and that as of February 16, 2022, the Debtor's payment history on the Trustee's records was only 33.33%. (*See* "Order Dismissing Chapter 13 Case" (Docket # 29), second paragraph; Trustee's Response to Motion (Docket # 33) at ¶¶ 3-5). The Court's Order filed January 12, 2022 (Docket # 27) stated that the Debtor had to be "100% current in Plan Payments, pursuant to the Trustee's records, on or before 2/16/2022" or "the case shall be dismissed upon Order of the Court without further notice or hearing." The Motion does not allege any facts showing that the Debtor was actually 100% paid on the Trustee's records by the February 16, 2022 deadline. Accordingly, the dismissal of this case was proper.

**Fourth**, the Debtor is not barred from filing a new bankruptcy case.

For the foregoing reasons,

IT IS ORDERED that the Motion (Docket # 31) is denied.

**Signed on March 4, 2022**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge